UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re:                                    )
                                          )    Chapter 7
                                          )    Case No. 10-45960-MSH
HYE GOULAKOS                              )
                                          )
       Debtor                             )
                                          )

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION**

David W. Ostrander, chapter 7 trustee of the estate of Hye Goulakos, the debtor in this case, has objected to Ms. Goulakos's claim of a homestead exemption in property located in Dracut, Massachusetts. For the following reasons, I conclude that the debtor's claim of exemption is valid and will overrule the trustee's objection.

**Background**

In September of 1991, the debtor and her husband, Thomas Goulakos, purchased a home at 303 Sladen Street, Dracut, MA (the "Dracut Property"), taking title as tenants by the entirety. By March of 2000, Ms. Goulakos had decamped from the Dracut Property, purchasing a home at 40 Fort Hill Avenue, Lowell, MA (the "Lowell Property"), and moving in with her son. Four years after her purchase of the Lowell Property, in June of 2004, Ms. Goulakos sold it to her son but resided there continuously through the date of the commencement of her bankruptcy case on December 2, 2010. On July 19, 2010, almost twenty years after the Goulakos's purchased the Dracut Property, Mr. Goulakos recorded, with respect to the property, a declaration of homestead, pursuant to Mass. Gen. Laws ch. 188, § 1 (2010). At no point did Ms. Goulakos file a declaration of homestead on either the Dracut Property or the Lowell Property. Ms. Goulakos has not resided

1

in the Dracut Property for over ten years and she conceded at her meeting of creditors under Bankruptcy Code § 341 that she has no intention of returning to the Dracut Property. Although the Goulakos's are living apart, they are not divorced. Ms. Goulakos also admitted at the 341 meeting that she does not expect to reconcile with her husband.

Ms. Goulakos's Chapter 7 bankruptcy petition identifies the Lowell Property as her residential address. She included the Dracut Property on Schedule A attached to her petition, describing it as property jointly owned with Mr. Goulakos as tenants by the entirety. According to her schedules, the Dracut Property was subject to a secured claim of $98,000 and had a value of $243,500, meaning that the debtor and Mr. Goulakos shared $145,500 in equity in the property. On Schedule C to her bankruptcy petition, Ms. Goulakos claimed her interest in the Dracut Property as exempt under Mass. Gen. Laws ch. 188, the Massachusetts homestead statute in effect at the time of her bankruptcy petition.[1]

## The Dispute

The trustee objected to the debtor's claim of homestead exemption on the grounds that first, the debtor did not file a declaration of homestead and second, she abandoned the Dracut Property when she moved to Lowell. It is the debtor's position that regardless of her current domicile, she remains a member of Mr. Goulakos's family and is thus entitled to claim the benefits of the homestead exemption created when Mr. Goulakos recorded a homestead declaration on July 10, 2010.

---

[1] The Massachusetts Homestead Act was substantially revised, effective March 16, 2011, after the debtor filed her bankruptcy petition. The former Act governs this case.

2

**Discussion**

In determining the merits of a trustee's timely objection to a debtor's homestead exemption, a court must look to state law to determine the exemption's validity. *In re Garran*, 338 F.3d 1, 6 (1st Cir. 2003); *In re Miller*, 113 B.R. 98, 101 (Bankr. D. Mass. 1990).

The Massachusetts homestead statute confers upon a declarant and his family comprehensive protections and benefits. As the United States Court of Appeals for the First Circuit noted in *Garran*, "Because homestead laws are 'designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors,' Massachusetts courts have 'construed the State homestead exemptions liberally in favor of debtors.'" *In re Garran*, 338 F.3d at 7 *(quoting Shamban v. Masidlover,* 705 N.E.2d 1136, 1138 (Mass. 1999)); *see also Dwyer v. Cempellin,* 673 N.E.2d 863, 866 (Mass. 1996).

This protection of the declarant's family is a central goal of the Massachusetts homestead statute, and "one may view the homestead estate as protecting not the declarant's legal interest in the home or the home itself but rather the economic interest in the home of the declarant and his family." *In re Vasques,* 337 B.R. 255, 257 (Bankr. D. Mass. 2006) *(citing White v. Rice,* 87 Mass. (5 Allen) 73 (1862)); *see also In re Fiffy,* 281 B.R. 451, 454 (Bankr. D. Mass. 2002); *Dwyer*, 673 N.E.2d at 866.

The former Massachusetts Homestead Act, Mass. Gen. Laws ch. 188, § 1, which is applicable in this matter, provides in pertinent part:

> An estate of homestead to the extent of $500,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. . . .
>
> . . . .

3

> For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety, or tenant in common; provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

The Trustee contends that the debtor may not claim the homestead exemption because she, individually, did not file a declaration of homestead on the Dracut Property. But the version of the Homestead Act applicable to this matter is clear—only one owner may acquire a homestead for himself and his family; that owner must rightfully possess and occupy, or intend to occupy, the residence; and a single family is entitled to only one homestead. Mass. Gen. Laws ch. 188, § 1. Crucial to § 1 is that the occupancy requirement is limited to the *acquisition* of a homestead. *See In re Marrama*, 307 B.R. 332, 337 (Bankr. D. Mass. 2004) ("The statutory requirement of occupy or intend to occupy, however, is only applicable at the time of the filing of the declaration and does not apply during the duration of the declaration.").

Further, the individual who claims the homestead exemption need not be the one who filed the declaration of homestead; a spouse or child may also claim the exemption by way of the family member's homestead declaration. *See In re Taylor*, 280 B.R. 294, 298 (Bankr. D. Mass. 2002) ("[A] spouse can claim an exemption [in an] estate of homestead filed by the other spouse under Mass. Gen. Laws ch. 188 § 1.") (citing *In re Ballirano*, 233 B.R. 11, 14 (Bankr. D. Mass. 1999)); *In re Vasques*, 337 B.R. 255 (holding the daughter, a co-owner and resident of the homestead property, was not required to file her own declaration of homestead as she was covered under her mother's declaration by falling under the definition of "family" in ch. 188, § 1).

When Mr. Goulakos filed the declaration of homestead for the Dracut Property, he was in rightful possession and occupancy of the property. Mr. Goulakos and the debtor were husband and

wife at both the time of the filing of the declaration of homestead and when Ms. Goulakos filed her bankruptcy petition. As the spouse of Mr. Goulakos, the debtor is a qualified family member under ch. 188, § 1 and it is of no consequence that she did not reside in the Dracut Property when the homestead declaration was filed.

Alternatively, the Trustee contends that the debtor's long-term departure from the Dracut Property and lack of intention to return there constitute abandonment of the homestead estate, thus disqualifying the debtor from claiming a homestead exemption.

Under § 7 of the former Homestead Act, an estate of homestead may be terminated in one of two ways: (1) by a deed conveying the property, which does not specifically reserve the homestead; or (2) by a recorded release of the homestead executed by the owner and the owner's spouse. Mass. Gen. Laws ch. 188, § 7. Section 2 of the former Act provides a third way to terminate a homestead estate—the acquisition of a new homestead estate by a member of the family. *In re Garran*, 338 F.3d at 7.

To what extent abandonment may constitute an additional means of terminating a homestead estate has not been fully resolved in this district. *See, e.g.*, *In re Taylor*, 280 B.R. 294. The Massachusetts Supreme Judicial Court has not ruled on this issue in the context of the version of the Homestead Act in effect as of the commencement of this Chapter 7 case. Judge Kenner in *In re Webber* noted that the Massachusetts legislature likely intended to "preclude termination by simple abandonment" because the relevant Homestead Act specifies only three methods of terminating a homestead estate, each of which requires a writing as a homestead represents an interest in real estate subject to the statute of frauds. *In re Webber*, 278 B.R. 294, 297-98 (Bankr. D. Mass. 2002). Declining to follow *Webber*, Judge Hillman in *In re Marrama* predicted that, if

5

presented with this issue, the SJC would rule that a homestead estate could be terminated by abandonment for the reason that several Massachusetts cases interpreting prior versions of the Massachusetts homestead statute recognized abandonment as a method of terminating a homestead estate. *In re Marrama*, 307 B.R. at 337-38.

Limiting *Webber* and *Marrama* to their facts allows the decisions to be harmonized. *The Marrama* court relied primarily on *Drury v. Bachelder*, a 19th century SJC decision where the Court held that a homestead may be lost by "acts of abandonment of an unequivocal character by *all parties interested in its continuance.*" *Drury v. Bachelder*, 11 Mass (Gray) 214, 216 (1858) (emphasis added). *Marrama* and *Drury*, the cases which hold abandonment may terminate a homestead, concern abandonment by *all* parties subject to homestead protections. This critical fact distinguishes those cases from the one here, as well as from *Webber*, where only one family member abandoned the homestead property. I have found no case by a court in Massachusetts, state or federal, holding that the unilateral abandonment by only one family member is sufficient to terminate the homestead estate under any version of the Massachusetts homestead law in effect through 2010. Where, as here, Mr. Goulakos continues to reside in the Dracut Property, even the unequivocal abandonment of the property by Ms. Goulakos cannot terminate the homestead estate and her right to the protection afforded by it.

Although living apart, Mr. and Ms. Goulakos remain members of the same family for purposes of the Homestead Act. So long as Mr. Goulakos occupies the Dracut Property, Ms. Goulakos is entitled to claim a homestead exemption in it. The debtor's claim of exemption in the Dracut Property is valid and the trustee's objection is OVERRULED.

SO ORDERED.

At Worcester, Massachusetts this 28th day of September, 2011.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing: Charles B. Moegelin
Lowell, Massachusetts
for the debtor

Elizabeth D. Katz, Ostrander Law Office
Northampton, Massachusetts
for the Chapter 7 Trustee